UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARVELL ANTONIO CULP, Plaintiff | CIVIL ACTION NO. 1:16-CV-01267 |
| VERSUS | JUDGE WALTER |
| JOEL ALEXANDRE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 30) filed by Defendant the United States of America. The United States maintains that Plaintiff Marvell Antonio Culp ("Culp") has asserted Federal Tort Claims Act ("FTCA") claims over which the Court does not have subject matter jurisdiction. The Court agrees, but also finds that Culp has asserted negligence claims which are independent of Culp's barred claims, and over which the Court does have subject matter jurisdiction. The United States' Motion to Dismiss should therefore be granted in part and denied in part.

I.  Background

On May 1, 2014, Culp – then an inmate at the Federal Correctional Institution at Pollock, Louisiana ("FCI-Pollock") – injured his right wrist playing softball. According to Culp, various individuals at FCI-Pollock thereafter denied him adequate medical care.

Culp originally filed suit against individual defendants under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics. On initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2), this Court

1

found that Culp failed to allege deliberate indifference to support his Eighth Amendment Bivens claim. Accordingly, the Court dismissed Culp's Bivens claim. (Doc. 9, p. 8; Doc. 15). As to Culp's FTCA claim, however, the Court found that Culp had properly exhausted his administrative remedies, but had failed to name the United States. Therefore, the Court added the United States as a party defendant. (Doc. 9, p. 8; Doc. 15).

The United States filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 22). In response, Culp filed an Amended Complaint (Doc. 27). The United States then withdrew its first Motion to Dismiss (Docs. 28, 29), and later filed this Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) (Doc. 30). Culp opposes the pending Motion (Doc. 35).

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a claim over which it lacks subject-matter jurisdiction. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a court must accept a plaintiff's factual allegations in the complaint as true. Machete Prods.,

L.L.C. v. Page, 809 F.3d 281, 287 (5th Cir. 2015). However, a court may "find facts as necessary to determine whether it has jurisdiction." Id. Further, a court need not accept as true legal conclusions masked as factual allegations. Id. "A court can find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Sovereign immunity is a jurisdictional issue. See United States v. Mitchell, 463 U.S. 206, 212 (1983). "[T]he FTCA waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." Freeman v. United States, 556 F.3d 326, 335 (5th Cir. 2009). The waiver of sovereign immunity under the FTCA is construed narrowly, and any ambiguity is resolved in favor of the United States. See Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." Id.

### B. Culp's claims

According to the United States, Culp's claims fall into three (3) categories: "(1) constitutional claims; (2) claims based on deceit or misrepresentation; and (3) claims based on the actions of independent contractors." (Doc. 30-1, p. 3).

Culp's Amended Complaint contains factual allegations, legal standards, and editorial comments enmeshed in a 41-page document. The statutory predicates for Culp's claims are not always entirely clear.

The Court agrees that Culp states claims which fall within the three categories listed by the United States. Those claims should be dismissed. However, Culp also states independent negligence claims which are cognizable under the FTCA. Those claims should not be dismissed.

### 1. Culp's constitutional tort claims should be dismissed.

In his Amended Complaint, Culp makes allegations which appear to redirect his original Bivens claims – or some sort of constitutional tort claims for intentional deprivation of medical care – against the United States. For instance, Culp claims the "medical staff" withheld pain medication from him intentionally, "as punishment," conduct which "goes beyond negligence." (Doc. 27, pp. 6, 8, 19-20). Culp also claims the medical staff "unnecessarily and wantonly inflicted pain" upon him. (Id., p. 19)

"To state a claim under the FTCA, a plaintiff has the burden of stating a claim for a state-law tort and establishing that the discretionary function exception does not apply." Spotts v. United States, 613 F.3d 559, 569 (5th Cir. 2010). It is well settled that constitutional tort claims are not cognizable under the FTCA. See Sampson v. United States, 73 Fed.Appx. 48, 49 (5th Cir. 2003); accord F.D.I.C. v. Meyer, 510 U.S. 471, 477, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) ("Meyer's constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable

4

under § 1346(b)—that is, § 1346(b) does not provide a cause of action for such a claim."). The FTCA's waiver of sovereign immunity applies "only if Louisiana law would afford the plaintiff a cause of action against a private individual for the same conduct." Moore-Bey v. Cartrette, 15-CV-1199, 2015 WL 5608194, at *6 (W.D. La. July 16, 2015), report and recommendation adopted, 15-CV-1199, 2015 WL 5611141 (W.D. La. Sept. 23, 2015). Thus, "[t]he United States simply has not rendered itself liable under the FTCA for constitutional tort claims." Id.

To the extent Culp asserts constitutional tort claims against the United States, those claims should be dismissed.

### 2. Culp's "misrepresentation" claims should be dismissed.

Culp also alleges that various individuals "lied" during the course of his treatment, and that those lies contributed to his damages. (Doc. 27, pp. 27, 34). For instance, Culp claims that medical staff "purposely missed [sic] assigned" a request for an MRI on his wrist as "elective." (Id., p. 25). Culp claims that the medical staff "covered up inadequate health care by withholding information from the supervising physician that Vasquez changed Culp's cast and never notified the outside physician for over thirty days with the bones [sic] blood supply disconnected by the unsupervised or directed improper cast immobilization." (Id., pp. 27, 29, 30-31). Culp also claims that the medical staff ignored an MRI recommendation by one of his treating physicians for over two months. (Id., pp. 9, 21). Construed reasonably, these claims arise from alleged misrepresentations. Culp's allegations seem to indicate

that Vazquez, who Culp alleges improperly replaced his cast – failed to report the cast replacement to a physician. (Doc. 27, p. 30).

Under the "misrepresentation exception," the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). The misrepresentation exception "bars claims for both negligent and intentional misrepresentation." Life Partners Inc. v. United States, 650 F.3d 1026, 1031 (5th Cir. 2011). "It also covers both affirmative acts of misrepresentation and omissions of material fact." Deschoolmeester v. Cartus Corp., CIV.A. 10-1538, 2011 WL 1312048, at *3 (E.D. La. Mar. 31, 2011) (quoting McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993)).

Courts in our circuit apply a two-step process to determine whether the misrepresentation exception applies:

> First, we determine whether "the chain of causation" from the alleged negligence to the injury depends upon a misrepresentation by a government agent. Or, put another way, whether "the underlying governmental conduct essential to the plaintiff's claim can be fairly read to arise out of conduct that would establish an excepted cause of action." We consider whether "the focal point of the claim is negligence in the communication of (or failure to communicate) information or negligence in the performance of an operational task, with misrepresentation being merely collateral to such performance." [The plaintiff's] choice of pleading is not controlling. Instead, "we focus on the conduct upon which the plaintiff's claim is based." Second, if the plaintiff's claim does depend on a misrepresentation, we must determine "whether Congress has nonetheless waived sovereign immunity independently of the FTCA."

Life Partners Inc., 650 F.3d at 1031–32 (internal citations omitted). Further, "[t]he FTCA's misrepresentation exception is broad: it bars any claim arising out of a

misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred by section 2680(h)." Id. at 1032.

Here, it is plain that the "chain of causation" regarding at least some – though not all – of Culp's claims is dependent upon misrepresentations by government employees. Further, Culp does not suggest – and the Court does not conclude – that Congress has otherwise waived sovereign immunity as to these claims. The misrepresentation exception thus applies to bar Culp's claims regarding the medical staff's alleged lies; purposeful "mis-assignment" of an MRI as an elective procedure; "cover-up" of inadequate medical care; and failure to communicate information regarding the alleged "improper cast immobilization." Those claims should be dismissed.

### 3. Culp's claims against independent contractors should be dismissed.

"The FTCA . . . does not extend to acts of independent contractors." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998). If an allegedly tortious act was not committed by an employee of the United States, the court lacks subject matter jurisdiction over a claim arising from that act. See id. Stated otherwise, "[t]he independent-contractor exception is concerned with whether the *tortfeasor* was an employee of the United States or an independent contractor." Linn v. United States, 281 Fed.Appx. 339, 345 (5th Cir. 2008) (emphasis in original).

In this case, several independent contractors provided healthcare services to Culp. In fact, Culp himself references "outside contractors" in the Amended Complaint, and specifically names Dr. Jeffery F. Traina as an "outside contractor."

7

(See Doc. 27, p. 4). The United States further establishes that Culp received treatment at Christus Central Louisiana Imaging Center ("CLIC") and Christus St. Frances Cabrini Hospital ("Cabrini") from Dr. Traina, Dr. Randall Jennings, and Dr. Mark Dodson. There is no dispute that these three doctors – and any other healthcare providers who treated Culp at CLIC or Cabrini – were acting as independent contractors during the course of Culp's treatment.[1]

To the extent the doctors – or other healthcare providers at CLIC or Cabrini – provided medical services to Culp, claims arising from those services are barred by the independent contractor exception. In particular, Dr. Traina decided to wait three months to monitor Culp's fracture before recommending surgery, and further recommended monitoring the fracture healing by MRI. Dr. Jennings insisted on waiting for a hand surgeon to perform Culp's surgery. And Dr. Dodson actually performed the surgery. All of these actions – and any claims arising therefrom – are barred by the independent contractor exception.

### 4. Culp's negligence claims should be maintained.

"The FTCA confers subject matter jurisdiction on district courts over negligence actions against the United States." Moore-Bey, 2015 WL 5608194 at *5. Under 28 U.S.C. § 1346(b)(1), "the district courts . . . shall have exclusive jurisdiction

---

[1] "The 'critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual.'" Hays v. Smith, CV 15-2134, 2016 WL 8679233, at *3 (W.D. La. Sept. 23, 2016) (quoting Mantiply v. United States, 634 Fed.Appx. 431, 433 (5th Cir. 2015)). Courts in our circuit also consider a number of other factors in determining whether an individual is an independent contractor. See id. Detailed analysis of these factors is unnecessary here. It is clear that these three physicians were consulted as independent contractors, and that the United States did not exercised detailed control over their work. Neither party makes any reasonable suggestion to the contrary.

8

of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

As noted above, however, the misrepresentation exception to the FTCA may nonetheless bar consideration of a negligence claim. See, e.g., Lone Star Bakery, Inc. v. United States, SA:05-CV-0011-WRF, 2007 WL 321405, at *4 (W.D. Tex. Jan. 11, 2007). To fall within the misrepresentation exception, "the chain of causation from the alleged negligence to the alleged injury [must depend] upon the transmission of misinformation by a government agent. If not, [the Supreme Court's decision in Block v. Neal, 460 U.S. 289 (1983)] holds that the misrepresentation exception does not prevent a waiver of sovereign immunity from the state negligence claim." Commercial Union Ins. Co. v. United States, 928 F.2d 176, 179 (5th Cir. 1991). "'[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies.'" In re FEMA Trailer Formaldehyde Products Liab. Litig. (Louisiana Plaintiffs), 713 F.3d 807, 811 (5th Cir.2013) (quoting Block, 460 U.S. at 296).

"To determine whether [a] negligence claim arises out of misrepresentation," a court must "consider whether the focal point of the claim is negligence in the communication of (or failure to communicate) information or negligence in the

9

performance of an operational task, with misrepresentation being merely collateral to such performance." Metro. Life Ins. Co. v. Atkins, 225 F.3d 510, 512 (5th Cir.2000). The line between negligence and barred misrepresentation is notably unclear. See Life Partners Inc., 650 F.3d 1026, 1032 (5th Cir. 2011).

Culp repeatedly uses the term "negligence" in his Amended Complaint. (See, e.g., Doc. 27, pp. 1, 14). But for purposes of the misrepresentation exception, the question is whether Culp alleges any acts of negligence which are not within the same "chain of causation" as the misrepresentations alleged by Culp. The following allegations meet those criteria:

- Culp asserts that the "medical staff" negligently placed casts on his wrist on July 31, 2014, and September 8, 2014, which worsened his condition. (Id., pp. 4-5, 8, 11, 14, 29).

- Culp alleges that the "medical staff" failed to timely seek outside medical advice as to the worsening of his condition until after the September 8, 2014 cast replacement. (Id., p. 8).

- Culp alleges, in general terms, that the medical staff negligently delayed and improperly documented his treatment, and otherwise provided poor medical care, so as to cause a further delay in his surgery. (Id., pp. 10, 13, 17, 33).

These allegations sound in negligence, are not dependent upon a misrepresentation, and are not otherwise barred. Accordingly, they should not be dismissed at this juncture.[2]

---

[2] Culp also loosely alleges that he was denied immediate access to certain portions of his medical records. (Doc. 27, pp. 34-36). The government correctly points out that, to whatever extent these

III. Conclusion

For the foregoing reasons,

IT IS HEREBY RECOMMENDED that the Motion to Dismiss (Doc. 30) filed by the United States be GRANTED IN PART to the extent it seeks dismissal of all constitutional tort claims, misrepresentation claims, and claims against independent contractors, as specifically delineated herein.

IT IS FURTHER RECOMMENDED that the Motion to Dismiss (Doc. 30) be DENIED IN PART to the extent it seeks dismissal of negligence claims, as specifically delineated herein.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

---

allegations constitute a separate claim, Culp has made no indication that he exhausted his administrative remedies with regard to it. See Hays v. Smith, CV 15-2134, 2016 WL 8679233, at *7 (W.D. La. Sept. 23, 2016) ("Before an FTCA claim may be filed in federal court, the claim must first be presented to the appropriate federal agency. 28 U.S.C. § 2675(a) & (b). Only after the agency has either denied the claim or six months have elapsed may the plaintiff then pursue the claim in federal court.").

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 27th day of December, 2017.

                                      JOSEPH H.L. PEREZ-MONTES
                                      UNITED STATES MAGISTRATE JUDGE