UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| MARVELL ANTONIO CULP, Plaintiff | CIVIL ACTION NO. 1:16-CV-01267 |
|---|---|
| VERSUS | JUDGE WALTER |
| JOEL ALEXANDRE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Appoint Expert Witness filed by Plaintiff, Marvell Antonio Culp ("Culp"). (Doc. 61). Without citing a particular statute, Culp claims he has attempted, unsuccessfully, to retain an expert witness, and that the Court would benefit from the testimony of an appointed expert.

Culp is proceeding in forma pauperis under 28 U.S.C. § 1915. Culp's pauper status, however, does not warrant the appointment of an expert. It is well settled that "the district court has no authority to appoint an expert witness under section 1915." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

Culp's contention that an expert may assist the Court invokes Federal Rule of Evidence 706. Under Rule 706, a court may appoint an expert witness to testify on designated matters in a lawsuit. But Rule 706 "contemplates the appointment of an expert to aid the court," not the plaintiff. See Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008). Further, district courts may be capable of reviewing and evaluating medical evidence and testimony without the assistance of an appointed expert. See Hulsey v. Thaler, 421 Fed.Appx. 386, 389 (5th Cir. 2011).

Culp argues, in very general terms, that an expert witness will aid the Court in understanding medical issues, the standard of care, and a possible breach of that standard, particularly for purposes of summary judgment. On the record before the Court, however, no expert witness is necessary. In this case, the Court is capable of evaluating the relevant medical evidence, the standard of care, and whether there was a breach of that standard. Any other testimony offered by an appointed expert would assist Culp, and not the Court. Appointment of an expert is therefore unwarranted.

Accordingly, Culp's Motion to Appoint Expert Witness (Doc. 61) is hereby DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this  13th  day of June, 2018.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE