c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARVELL ANTONIO CULP, Plaintiff | CIVIL ACTION NO. 1:16-CV-1267 |
| VERSUS | JUDGE WALTER |
| JOEL ALEXANDRE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATIONS

Before the Court is a Motion for Summary Judgment (Doc. 70), filed by Defendant the United States of America (the "Government"). Pro se Plaintiff Marvell Antonio Culp ("Culp") opposes the motion. (Doc. 79). The Government's Motion for Summary Judgment (Doc. 70) should be GRANTED because there is no genuine issue of material fact that Defendants met the standard of care in treating Culp's fractured wrist.

I. Background

Culp, proceeding *in forma pauperis*, originally filed suit against several individual defendants under the Federal Torts Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1). Culp is a federal inmate in the custody of the of the Federal Bureau of Prisons ("BOP"). Culp was allegedly denied adequate medical care for a fractured wrist on May 1, 2014, while incarcerated at the Federal Correction Institution in Pollock, Louisiana ("FCI-Pollock") (Doc. 1).

1

On initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2), this Court found that Culp failed to allege deliberate indifference to support his Eighth Amendment <u>Bivens</u> claim. The Court dismissed Culp's <u>Bivens</u> claim. (Docs. 9, 15). As to Culp's FTCA claim, however, the Court found that Culp had properly exhausted his administrative remedies but had failed to name the Government. (Doc. 9). Therefore, the Court added the Government as the sole defendant for Culp's FTCA claim. (Docs. 9; 15).

On the Government's Rule 12(b)(6) motion (Doc. 22), and after Culp filed an Amended Complaint (Doc. 27), the Court dismissed Culp's constitutional tort claims, misrepresentation claims, and claims against independent contractors. (Docs. 41, 42). Culp's negligence claims are the sole remaining claims against the Government. The Government now seeks summary judgment (Doc. 70) of the following remaining claims:

> (1) Assertions that negligent placement by "medical staff" of casts on his wrist on July 31, 2014, and September 8, 2014, worsened his condition;
> (2) Allegations that "'medical staff' failed to timely seek outside medical advice as to the worsening of his condition after the September 8, 2014, cast placement";
> (3) Allegations "in general terms, that the medical staff negligently delayed and improperly documented his treatment and otherwise provided poor medical care, so as to cause a further delay in his surgery."

(Docs. 27, 41, 42, 70). The Government attaches in support the declaration (Doc. 70-3) and expert report (Doc. 70-4) of its expert, Dr. Shawn P. Granger ("Dr. Granger"), as well as Culp's medical records. The Government submits that discovery has been adequate, and that Culp has not designated an expert or provided an expert opinion

2

identifying the acts or omissions supporting negligence or medial malpractice constituting the basis of his claims. (Doc. 70-2). Culp opposes. (Doc. 79).

II.  Law and Analysis

    A.  Standards governing Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[1]

Substantive law determines what facts are "material." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. (citation omitted). However, the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient to preclude summary judgment; there must

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir.), cert. denied, 528 U.S. 906 (1999) (internal citations omitted). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson, 477 U.S. at 248).

In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the nonmovant. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then offer evidence sufficient to establish a genuine issue of material fact. Herrera v. Millsap, 862 F.2d 1157, 115 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992).

     **B.**    **The Government is entitled to summary judgment as to Culp's remaining FTCA claims.**

Under the FTCA, the Government may be held liable for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). Liability attaches where the Government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Id. Thus, substantive state law determines

4

whether a cause of action exists. Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996); 28 U.S.C. § 1346(b)(1); see also Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law."). Here, the Court must look to Louisiana law.

Louisiana law provides that "[a]ny medical malpractice claimant must establish, by a preponderance of the evidence: (1) the defendant's standard of care, (2) the defendant's breach of that standard of care, and (3) a causal connection between the breach and the claimant's injuries." Poullard v. Pittman, 6 So.3d 1064, 1067 (La. App. 2 Cir. 4/8/09), writ den., 17 So.3d 969 (La. 2009) (citing La. R.S. 9:2794(A) and Pfiffner v. Correa, 643 So. 2d 1228 (La. 1994)).[2] The Louisiana Second Circuit, in discussing the need for expert testimony, noted:

---

[2] In Louisiana medical malpractice actions, a plaintiff must prove the following:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
>
> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>
> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

La. R.S. 9:2794(A).

> The Louisiana Supreme Court has found that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Samaha v. Rau, supra; Pfiffner v. Correa, supra; Wiley v. Lipka, supra; Vinson v. Salmon, 34,582 (La.App.2d Cir.5/9/01), 786 So.2d 913. In most cases, however, because of the complex medical and factual issues involved, a plaintiff who does not present medical expert testimony will likely fail to sustain his burden of proving his claim under the requirements of La. R.S. 9:2794. Samaha v. Rau, supra; Pfiffner v. Correa, supra; Wiley v. Lipka, supra; Vinson v. Salmon, supra. Nevertheless, expert testimony is not required where the physician does an obviously careless act from which a lay person can infer negligence, such as fracturing a leg during an examination, amputating the wrong arm, dropping a knife or scalpel on a patient or leaving a sponge in a patient's body. Id.

Id.

Here, Culp does not provide expert evidence in support of his claims that he received substandard medical care under the FTCA.[3] The Government asserts, and Culp admits, that he has not designated an expert nor provided an expert opinion identifying the acts or omissions supporting his three remaining claims of negligence. (Docs. 70-2, 79-1). Culp responded only as to the third pending claim. (Doc. 79). Culp does not raise any opposition to the Government's request for dismissal of the first and second remaining negligence claims. (Doc. 79-1). Rather, Culp only asserts there is a genuine issue of material fact as to the third claim. (Doc. 79-1).

---

[3] Culp previously sought appointment of an expert witness, claiming that he was unsuccessful in retaining one. (Doc. 61). The Court denied Culp a court-appointed medical expert, as 28 U.S.C. § 1915 contains no provisions authorizing the Court to order private litigants to receive assistance of investigation or medical expert witnesses at no cost. (Doc. 62).

Regarding his third claim,[4] Culp argues he does not need to present an expert witness where there is obvious negligence. (Doc. 79-1). Culp does not acknowledge the characterization of his claim as a medical malpractice claim. (Doc. 79-1). However, Culp's allegations consist of assertions that his medical treatment and documentation was "negligent." (Doc. 27). He is essentially asserting negligent medical treatment and medical documentation, which requires him to establish that such acts or omissions fell below the ordinary standard of care. La. R.S. 9:2794.

Culp presents argument regarding delays in medical treatment and documentation based on his medical records and prison policies. (Doc. 79-1). In support, he attaches a Program Statement on BOP Health Services (Doc. 79-2, p. 7, 24, 35), BOP Health Care Rights and Responsibilities (Doc. 79-2, p. 9), and his medical records. (Doc. 79). He also relies on this Court's decision[5] in another suit in support of his claims regarding a delayed MRI. However, that suit dealt with claims of deliberate indifference under the Eighth Amendment, not medical malpractice under the FTCA.

Louisiana jurisprudence has long held that expert testimony is generally required to establish the applicable standard of care, its breach, and causation.

---

[4] His third remaining claim alleges, in general terms, that the medical staff negligently delayed and improperly documented his treatment and otherwise provided poor medical care, so as to cause a further delay in his surgery. (Docs. 27, 41).

[5] Davis v. Alexadre, 1:17-CV-883-P, 2017 WL 8232190, at *1 (W.D. La. Dec. 11, 2017), supplemented, 1:17-CV-883-P, 2018 WL 1371234 (W.D. La. Jan. 29, 2018), and report and recommendation adopted sub nom. Davis v. Alexandre, 1:17-CV-883-P, 2018 WL 1368329 (W.D. La. Mar. 16, 2018), and report and recommendation adopted sub nom. Davis v. Alexandre, 1:17-CV-883-P, 2018 WL 1368329 (W.D. La. Mar. 16, 2018).

7

Samaha, 977 So.2d at 880; see also Arceneaux v. Lafayette General Medical Center, 248 So.3d 342, 346 (La.App. 3 Cir. 7/26/17) ("The courts of this state have routinely held that a motion for summary judgment is the appropriate procedural vehicle to dismiss a defendant in a medical malpractice suit where a plaintiff fails to meet her burden of proof."). The only recognized exception is where the negligence is so obvious that a layperson can infer negligence without the guidance of expert testimony. Poullard, 6 So.3d at 1067; see also Cooley v. Kufoy, 261 So.3d 68, 73 (La.App. 3 Cir. 12/6/18). However, this case is not one of obvious negligence.

The Government has presented expert evidence that the medical treatment Culp received met the standard of care. (Doc. 70-4). Specifically, the Government presented the declaration (Doc. 70-3) of Dr. Granger, a Board-Certified Orthopedic Surgeon, who, having reviewed Culp's medical records and other documents, found that "Culp's care was within the reasonable and expected standard of care." (Doc. 70-4). Dr. Granger found "no evidence of negligence in the care . . . received throughout the course of [Culp's] treatment." (Doc. 70-4). Dr. Granger noted that "[p]roximal row carpectomy does indeed leave a patient with some degree of wrist impairment[,]" which is "expected for [Culp's] injury and presentation." (Doc. 70-4). Dr. Granger acknowledged that delays occurred in Culp obtaining an MRI, and finally undergoing surgical intervention. (Doc. 70-4). However, he found that such delays were "reasonable and expected in a public section treatment paradigm" and included "Culp's own actions as he decided on a surgical procedure." (Doc. 70-4).

Culp has not presented any conflicting expert declaration or report. (Doc. 79). Thus, Culp has failed to show a genuine issue of material fact that there was a deviation from the standard of care. Accordingly, summary judgment in favor of the Government is appropriate.[6]

## III. Conclusion

Because there is no genuine issue of material fact that the Government was not negligent under the FTCA, and because Culp failed to meet his evidentiary burden of proof,

IT IS RECOMMENDED that the Government's Motion for Summary Judgment (Doc. 70) be GRANTED, and that Culp's remaining negligence claims be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Culp's action be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Culp's Motion to Compel Discovery (Doc. 65) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

---

[6] The discovery deadline has been extended multiple times upon Culp's request. (Docs. 56, 58, 60, 64). Additionally, Culp's deadlines to retain experts and provide expert reports have been extended several times. (Docs. 50, 58). There has been adequate time for discovery.

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __25th__ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge